# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al., <br><br> Defendants-Appellants. | Nos. 25-1677, 25-2637, 25-5875 |

## MOTION TO CONSOLIDATE APPEALS AND OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS

Defendants-appellants move the Court to consolidate Case Nos. 25-1677 and 25-2637 with Case No. 25-5875. These appeals arise out of the same district-court case and raise substantially similar issues. Plaintiffs have informed us that they do not object to consolidation.

1. On January 20, 2025, President Trump acted to optimize the size of the federal workforce and limit hiring to mission-critical positions. The President issued a memorandum instituting a hiring freeze of federal civilian employees and ordering agencies to identify ways to reduce the size of the federal government. *See* Exec. Order No. 14,210, 90 Fed. Reg. 9669 (Feb. 14, 2025).

The same day, OPM Acting Director Charles Ezell transmitted to Executive Branch agencies a memorandum "providing … guidance … regarding critical potential personnel actions." 2-ER-235.[1] The memorandum explained that "[p]robationary periods are an essential tool for agencies to assess employee performance and manage staffing levels." 2-ER-235. It stated that agencies "should identify all employees on probationary periods" and "should promptly determine whether those employees should be retained at the agenc[ies]." 2-ER-235. Beginning on February 13, 2025, federal agencies terminated numerous federal employees serving in their probationary periods.

2. Plaintiffs filed this action on February 19, 2025, and moved for a temporary restraining order and preliminary injunction shortly thereafter. On March 13, the district court entered a preliminary injunction that required, *inter alia*, that certain agencies offer reinstatement to terminated probationary employees. *See* 1-ER-29. The government filed a notice of appeal the same day. 3-ER-485–486. The Supreme Court stayed the injunction pending appeal. Order, *OPM v. American Fed'n of Gov't Emps.*, No. 24A904 (U.S. Apr. 8, 2025).

On April 18, 2025, the district court entered a second preliminary injunction enjoining the defendant agencies from following any OPM directive to terminate any agency employee and requiring that the defendant agencies notify terminated

---

[1] Record citations refer to the excerpts of record filed in Case Nos. 25-1677 & 25-2637.

2

employees that their terminations were not performance or fitness based. 1-ER-27. The government appealed on April 23. 3-ER-483–484. This Court consolidated the two preliminary-injunction appeals. No. 25-1677, Dkt. No. 39.1.

The appeals have been fully briefed, and the Court heard oral argument in the consolidated preliminary-injunction appeals on August 19, 2025.

3. On September 12, 2025, the district court granted summary judgment for plaintiffs, modified and made permanent its April 18 injunction, and granted additional related relief, including directing that the federal government "update each terminated probationary employee's personnel files … to reflect that their termination was not performance or conduct based." D. Ct. Dkt. No. 261, at 36-38. The court's decision relies heavily on its earlier preliminary-injunction orders and incorporates the reasoning of those earlier orders. *See id.* at 16 (incorporating the court's prior analysis to find that the union plaintiffs have standing); *id.* at 18-21 (relying on the court's prior analysis to hold that plaintiffs' claims have not been channeled to the Merits Systems Protection Board or Federal Labor Relations Authority and that the court has jurisdiction); *id.* at 37 (making the court's preliminary injunction "permanent" with certain modifications). The court entered final judgment the following day. D. Ct. Dkt. No. 262. On September 15, 2025, plaintiffs moved to dismiss as moot the consolidated preliminary-injunction appeals. No. 25-1677, Dkt. No. 79. The government filed an appeal from the final judgment on September 16, 2025. D. Ct. Dkt. No. 263.

3

4. Because the preliminary-injunction appeals and the final-judgment appeal arise out of the same case and involve substantially similar district-court reasoning, they should be consolidated to avoid duplicative briefing and argument and unnecessary filings. Accordingly, the government respectfully requests that the appeals be consolidated. The government also respectfully requests that the parties be permitted to submit supplemental briefs, and that the case then be decided on the basis of the briefing and argument already submitted as well as the supplemental briefs. In the alternative, if the Court deems it appropriate to dismiss the preliminary-injunction appeals, the government respectfully requests that the briefing and argument submitted in those appeals be deemed also submitted in the final-judgment appeal, so that only supplemental briefing is required in the new appeal.

Handling the cases separately, or requiring that the parties submit new briefing and argument in the final-judgment appeal, would require duplicative briefing and argument and waste party and Court resources. Many of the issues that will be presented in the final-judgment appeal have already been briefed and argued in the preliminary-injunction appeals, including plaintiffs' standing, the district court's jurisdiction, and the propriety of a district court ordering Executive Branch agencies to provide terminated employees with a revised explanation for their terminations. Indeed, the overlap in these cases is self-evident given the district court's incorporation of its prior reasoning in its preliminary-injunction orders and the fact that the final judgment made the preliminary injunction permanent, with certain

4

modifications. Consolidating these cases, or deeming the prior briefing and argument to be submitted in the final-judgment appeal, would thus be in the interest of judicial economy.

5. Counsel for plaintiffs has stated that plaintiffs do not object to consolidating these appeals.

Respectfully submitted,

COURTNEY L. DIXON
CASEN B. ROSS

*s/ Joshua M. Koppel*
JOSHUA M. KOPPEL
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7212*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-4820*
   *joshua.m.koppel@usdoj.gov*

September 2025

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared using in 14-point Garamond, a proportionally spaced typeface, and that it complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and 32-3(2) because it contains 844 words, according to Microsoft Word.

                                                      *s/ Joshua M. Koppel*
                                                     Joshua M. Koppel